**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

CHRISTOPHER JOHNSON

*Plaintiff,*

v.

SGT. BROWN,

*Defendant.*

Civil Action No. 25-169 (RK-JTQ)

**MEMORANDUM & ORDER**

This matter comes before the Court on Christopher Johnson's filing of a civil rights Complaint and an application to proceed in forma pauperis ("IFP application"). At this time, the Court grants Plaintiff's IFP application[1] and dismisses the Complaint without prejudice for failure to state a claim for relief.

Under the Prison Litigation Reform Act ("PLRA"), Pub. L. 104-134, §§ 801–810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review prisoner complaints when the prisoner is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). The PLRA directs district courts to *sua sponte* dismiss claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher*

---

[1] Plaintiff submitted his Complaint and IFP application when he was still incarcerated but has since been released and has updated his address. (ECF No. 2.)

1

*v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). At this early stage, the Court accepts facts alleged in the pro se complaint as true, draws all reasonable inferences in the plaintiff's favor, and asks only whether the complaint, liberally construed, contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (citing *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). The Court does not credit conclusory allegations. *Iqbal*, 556 U.S. at 678. Because Plaintiff is proceeding pro se, the Court construes his allegations liberally. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Plaintiff alleges that he is a convicted county inmate. (ECF No. 1, Complaint at 2.) In October 2024, Defendant Brown allegedly placed Plaintiff in the same housing unit with inmates with whom Plaintiff should not be housed due to their respective statuses, and officers told Plaintiff that he needed medical clearance to be moved to a different unit. (*Id.* at 4-5.) These inmates were allegedly "maximum and federal status" while Plaintiff was "only county status." (*Id.* at 4.) Plaintiff provides no other facts about the reasons he could not be housed with these inmates, what risks, if any, he faced, and whether Defendant Brown knew of those risks. He seeks damages for "emotional distress." (*Id.* at 5.)

The Court construes Plaintiff to assert civil rights violations pursuant to 42 U.S.C. § 1983 against Defendant Sgt. Brown arising from his housing assignment.[2] Under the Eighth Amendment, which applies to convicted prisoners, prison officials "must take reasonable

---

[2] The Court does not construe Plaintiff to raise any state law claims. If he intended to raise state law claims in addition to his civil rights claims, he may include those claims in his amended complaint.

2

measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). *Id.* (internal quotation mark omitted) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984); *see also Duran v. Merline*, 923 F.Supp.2d 702, 719 (D.N.J. 2013) (explaining that the Constitution mandates that prison officials satisfy inmates' "basic human needs—e.g., food, clothing, shelter, medical care, and reasonable safety") (citing *Helling v. McKinney*, 509 U.S. 25, 32 (1993)). To state a claim for deliberate indifference to health or safety, an inmate must plead facts that show (1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to his health or safety, and (3) the official's deliberate indifference caused him harm. *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012) (citing *Farmer*, 511 U.S. 834).

Here, Plaintiff does not provide sufficient facts showing he faced a substantial risk of serious harm or that the Defendant Brown acted with deliberate indifference in assigning Plaintiff to the same housing unit with inmates who had maximum and federal status. The Court dismisses without prejudice Plaintiff's Eighth Amendment claim and provides him with 30 days to submit an amended complaint.

**IT IS, THEREFORE,** on this ___ day of June 2026,

**ORDERED** that Complaint shall be filed, ECF No. 1; and it is further

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* is **GRANTED** (ECF No. 1-1); and it is further

**ORDERED** that the Complaint is dismissed <u>without prejudice</u> pursuant to 28 U.S.C. 1915(e)(2)(B) for failure to state a claim for relief; and it is further

**ORDERED** that Plaintiff may submit an Amended Complaint within 30 days if he can cure the deficiencies in his Eighth Amendment deliberate indifference claims; and it is further

3

**ORDERED** that if Plaintiff does not submit an Amended Complaint, this matter shall remain closed, and the dismissal shall automatically convert to a dismissal with prejudice;

**ORDERED** that the Clerk of the Court shall send a copy of this Order to Plaintiff to the address on file and ADMINISTRATIVELY TERMINATE this case accordingly.

ROBERT KIRSCH
United States District Judge

4